```
STELMACH & STELMACH, LLP
MORANI STELMACH, ESQ., SBN 296670
REA STELMACH, ESQ., SBN 296671
11630 Chayote St., Suite 3
Los Angeles, California 90049
Telephone:  (424) 652-6590
Facsimile:   (310) 472-1268
info@stelmachlaw.com
```

Attorneys for Plaintiff LA PUENTE PLAZA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emmanuel Ramirez,<br><br>    Plaintiff,<br><br>  v.<br><br>La Puente Plaza, LLC, a California Limited Liability Company; Dollar Tree Stores, Inc., a Virginia Corporation; and Does 1-10,<br><br>    Defendants. | **Case No. 2:16—cv-01184-TJH-E**<br>Hon. Judge Terry J. Hatter, Jr.<br><br>**DEFENDANT LA PUENTE PLAZA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS OR TO QUASH SERVICE OF PROCESS OF SUMMONS, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: February 22, 2016<br>Trial Date: None<br><br>Motion Noticed for:<br>  Date: April 25, 2016<br>  Time: UNDER SUBMISSION |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 12(b)(5), defendant La Puente Plaza, LLC ("La Puente") moves to quash service of process purportedly made upon La Puente Plaza, LLC via Yuval Stelmach, agent for service of process, on March 5, 2016.

**DEFENDANT'S MOTION TO QUASH**

1  This Motion is based on this notice of motion and motion, the attached
2  memorandum of points and authorities, the Declaration of Yuval Stelmach, and all
3  pleadings and papers on file in this matter.
4  The Motion is made following the conference of counsel pursuant to Local
5  Rule 7-3 which took place on March 23, 2016.

6
7  DATED: March 28, 2016          STELMACH & STELMACH, LLP
8
9                                 By:/s/ Rea Stelmach
                                     MORANI STELMACH, ESQ.
                                     REA STELMACH, ESQ.
10                                   Attorneys for Plaintiff,
                                     LA PUENTE PLAZA, LLC
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S MOTION TO QUASH**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S MOTION TO QUASH**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant La Puente Plaza, LLC ("La Puente") hereby moves to dismiss the complaint of Emmanuel Ramirez and quash service of summons.

## INTRODUCTION

On February 22, 2016, Plaintiff Emmanuel Ramirez ("Plaintiff") filed a complaint in this Court with two causes of action stemming from alleged violations of the Americans with Disabilities Act of 1990 and of the Unruh Civil Rights Act. Plaintiff seeks relief from two defendants, whom were allegedly responsible for the discriminatory violations.

La Puente Plaza, LLC is a limited liability company registered in the State of California. (Stelmach Decl. ¶2.) La Puente Plaza, LLC is the real property owner of the building located at 1381 Hacienda Boulevard, La Puente, California (the "Property".) (Stelmach Decl. ¶2).

Stelmach is listed as La Puente's agent for service of process. (Stelmach Decl. ¶2.) La Puente Plaza, LLC's office is listed as Stelmach's residence at 17340 Magnolia Blvd. Encino, CA 91316. (Stelmach Decl., ¶2.)

Plaintiff improperly served Defendant La Puente Plaza LLC by failing to serve Defendant with the summons and complaint. (Stelmach Decl., ¶3.) The proof of service filed with this court states that Yuval Stelmach was personally served at 12:30 pm on March 5, 2016. However, Stelmach was not home at the time of the alleged service. (Stelmach Decl. ¶4.) On the day of the alleged service, Stelmach left the front gate to his house open because gardeners were working on the yard that day. (Stelmach Decl., ¶4.) Later in the afternoon, Stelmach noticed that a package was sitting on his doorstep. (Id.) The package contained the summons and complaint for this matter.

About a week after Stelmach found the package on his doorstep, Defendant Dollar Tree's legal counsel contacted Stelmach to inform him of this pending lawsuit brought against both Defendants. (Stelmach Decl. ¶5.)

## I. ARGUMENT

### A. *Plaintiff Has Failed to Effect Valid Service of Process*

A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." (See Fed. R. Civ. Pro. 12(b)(5).) The motion challenges the validity of the actual method or manner of service of process.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." (*Direct Mail Specialists v. Eclat Computerized Techs., Inc.* 840 F.2d 685, 688 (9th Cir. 1988). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (*United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. (*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986.)

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal based on insufficient service of process. When a defendant challenges service, the plaintiff has the burden of establishing the validity of service. (*See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Where service of process is insufficient, federal courts have broad discretion to dismiss the action or to retain the cause but quash the service of process. (*Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ["The choice between dismissal and quashing service of process is in the district court's discretion"].)

Plaintiff has the burden of establishing that valid service of process was made upon La Puente Plaza, LLC. (*See, e.g., Grand Entm't Grp., Ltd. V. Star Media Sales, Inc.* 988 F.2d 476, 488 (3rd Cir. 1993); *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985). Here, Plaintiff's attempt to effect service of process via service on an agent for service falls short of the requirements of Fed. R. Civ. P. 4(h).

1. **Defendant La Puente Plaza, LLC Was Improperly Served**

Federal Rule of Civil Procedure 4(h) provides the various methods of acceptable service of process on a corporation.  Pursuant to Rule 4(h) service upon a corporation must be done "in the manner prescribed for individuals by subdivision (e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" or "pursuant to the law of the state in which the district court is located, or in which service is effected."  Plaintiff ignored these requirements and simply discarded a summons and complaint at the front doorstep of the personal residence of Mr. Stelmach, while he was away from the premises.

Here, service upon La Puente is defective.  Stelmach, the listed agent for process, was never served with the summons and complaint. (Stelmach Decl., ¶3.) Yuval Stelmach is specifically listed as the individual who was personally served with the summons and complaint, however, Stelmach was not even home at the time the process server allegedly effectuated service. (Stelmach Dec., ¶4.)

**B.   *Plaintiff's Lawsuit Should Be Dismissed, Or His Attempt At Service Should Be Quashed, Unless And Until Plaintiff Complies With Rule 4***

Under Fed.R.Civ.P. 12(b)(5), this Court has discretion to either dismiss this lawsuit or quash Plaintiff's attempt at service based on the impropriety of this attempt under Fed.R.Civ.P. 4(h).  Based on Plaintiff's patent disregard of Rule 4(h), that necessitated this Motion, this Court should exercise its discretion by entering an order that either dismisses Plaintiff's Complaint or, in the alternative, quashes Plaintiff's attempt at service upon Defendant.

///

///

///

1  **II.  <u>CONCLUSION</u>**

2  Based on the foregoing, La Puente Plaza, LLC requests that the Court grant

3  its motion to quash service of process.

6

7  DATED: March 28, 2016              STELMACH & STELMACH, LLP

9                                     By:/s/ Rea Stelmach
                                         MORANI STELMACH, ESQ.
10                                       REA STELMACH, ESQ.
                                         Attorneys for Plaintiff,
11                                       LA PUENTE PLAZA, LLC.

4

**DEFENDANT'S MOTION TO QUASH**

## CERTIFICATION OF SERVICE

The under signed attorney certifies that copies of the foregoing **DEFENDANT LA PUENTE PLAZA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS OR TO QUASH SERVICE OF PROCESS OF SUMMONS, AND MEMORANDUM OF POINTS AND AUTHORITIES** was served upon all parties through ECF on March 28, 2016.

DATED: March 28, 2016          STELMACH & STELMACH, LLP


By:/s/ Rea Stelmach
MORANI STELMACH, ESQ.
REA STELMACH, ESQ.
Attorneys for Plaintiff,
LA PUENTE PLAZA, LLC.